**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | |
|---|---|
| Christopher DiPasquale, | Case No. 1:26-cv-00130 |
| *Plaintiff,* | **Plaintiff's Emergency Motion for Expedited Discovery** |
| v. | |
| @JamesBullzs, *et al.*, | |
| *Defendants.* | |

Plaintiff Christopher DiPasquale hereby requests that the Court enter an order authorizing expedited discovery. In support, Mr. DiPasquale respectfully shows the Court as follows.

## I.      Preliminary Statement

Mr. DiPasquale filed this action to recover assets lost to a cryptocurrency-related fraud and conversion scheme operated by a sophisticated criminal syndicate. The Defendants stole assets worth approximately $417,306—a devastating loss. Sadly, Mr. DiPasquale is not alone. This is but one case among thousands arising from the ongoing crypto-fraud epidemic, to which hardworking Americans are losing billions every year.

- 1 -

- 2 -

As is typical in crypto-fraud cases, Mr. DiPasquale does not know the Defendants' true identities or their precise whereabouts. But, with the assistance of a professional blockchain investigator, stolen assets have been traced to accounts controlled by the Defendants at Bybit and Binance. This tracing is fundamental to the relief sought in this Motion. It is the foothold in the arduous climb toward recovery.

Mr. DiPasquale is the plaintiff in this action, seeking relief against one or more unknown defendants who operated a fraudulent scheme through the social media platform X (formerly known as Twitter) under the handle @JamesBullzs. The defendants falsely claimed to be technical support officers for TrustWallet and engaged with vulnerable users reporting issues during a widely publicized TrustWallet "zero-balance" display glitch on October 12, 2025.

The defendants directed Mr. DiPasquale, who was seeking help with the TrustWallet glitch, to an online form under the guise of legitimate technical support. There, he was deceived into disclosing his TrustWallet 12-word seed phrase. Immediately after Mr. DiPasquale provided this sensitive information, his cryptocurrency assets were transferred without his authorization to multiple addresses associated with the Bybit and Binance platforms. The total loss sustained by Mr. DiPasquale has been traced and amounts to approximately $417,306.

Mr. DiPasquale seeks an ex parte temporary restraining order and preliminary injunction to freeze the misappropriated assets, expedited discovery to identify the perpetrators and trace additional assets, and leave to serve the defendants by alternative means, given their use of anonymous internet accounts and cryptocurrency exchanges to mask their identities and evade service.

## II.    Background

The facts giving rise to this action are set forth in detail in Plaintiff's Complaint, which is incorporated herein by reference.

## III.    Supporting Materials

Mr. DiPasquale submits the following materials in support of this Motion.

**Exhibit 1: Cole Declaration.** Evan Cole is Plaintiff's investigator in this case. Mr. Cole's declaration attests to information about the cryptocurrency-scam epidemic, cryptocurrency technology, and blockchain-tracing methodology. It also provides the blockchain-tracing report showing the locations to which the assets misappropriated from the victim were ultimately transferred.

### IV.    Expedited Discovery

### A.    Legal Standard

Typically, parties may not seek "discovery from any source before the conference required by Rule 26(f)."[1] But expedited discovery before a Rule 26(f) conference is permitted where "authorized … by court order."[2] Courts apply a "good cause" standard to determine whether such an order should issue.[3] Good cause may be found where "the need for expedited discovery in consideration of the administration of justice, outweighs the prejudice to the responding party."[4]

Many courts have authorized expedited discovery from cryptocurrency exchanges and internet-service providers in cryptocurrency-related fraud cases like this one.[5] Indeed, courts have affirmatively held that any privacy interests that alleged cybercriminals have concerning the discovery of

---

[1] FED R. CIV. P. 26(d)(1).

[2] *Id.*

[3] *Strivelli v. Doe,* No. CV222060MASRLS, 2022 WL 1082638, at *2 (D.N.J. Apr. 11, 2022).

[4] *Id.*

[5] *See, e.g.*, *Cohn v. Popescu*, No. 1:24-CV-00337, 2024 WL 4525511 (E.D. Tex. Aug. 16, 2024) (authorizing expedited discovery in similar cryptocurrency scam case); *Strivelli*, 2022 WL 1082638, at *2 (authorizing expedited discovery and noting "the Court's review of cryptocurrency theft cases reveals that courts often grant motions for expedited discovery to ascertain the identity of John Doe defendants"); *Licht v. Ling*, No. 3:23-CV-1018-X, 2023 WL 4504585, at *4 (N.D. Tex. June 20, 2023) (issuing broad authorization for expedited discovery in functionally identical crypto-fraud case and requiring that "any party served with a request for production shall produce all requested items within 72 hours of the request").

information about their identities and activities is outweighed by the need to adjudicate victims' claims against them.[6]

### B.      Proposed Discovery

Mr. DiPasquale's proposed discovery arises from the pre-suit investigation detailed in the Cole Declaration. This investigation revealed a series of third parties likely to be in possession of information about the Defendants. Each of those third parties and their connection to this case is set out below.

| Subpoena Target | Connection to Case |
| --- | --- |
| X Corp. (fka Twitter) | JamesBullzs communicated with Mr. DiPasquale via Twitter. X/Twitter will have data about the accountholder(s)' identity. |
| Binance, Ltd. | A portion of Mr. DiPasquale's assets were traced to deposit addresses at Binance. Binance will have information about the accountholders who received these funds. |
| Bybit Fintech Limited | A portion of Mr. DiPasquale's assets were traced to deposit addresses at Bybit. Bybit will have information about the accountholders who received these funds. |

### C.      Information Sought

Mr. DiPasquale seeks the Court's authorization to issue subpoenas to each of the above-listed entities seeking the following information:

---

[6] *Gaponyuk v. Alferov*, No. 2:23-CV-01317-KJM-JDP, 2023 WL 4670043 (E.D. Cal. July 20, 2023) (finding alleged cybercriminals' privacy interests were "outweighed by the need to adjudicate the [victim's] claims," and holding that "privacy concerns shall not be a just cause for [a] subpoenaed non-party to withhold [] requested documents and information").

- Biographical and contact information associated with the Defendants' accounts;

- IP-address and device logs showing the devices and locations from which the Defendants accessed their accounts;

- Payments information, including transaction histories and information about credit or debit cards used to pay for the subpoena targets' services; and

- Account balances and activity.

Courts have authorized similar discovery where the plaintiff adduced evidence that the persons about whom the information was sought were cybercriminals and the plaintiff also sought a temporary restraining order freezing the assets held in those accounts.[7]

### D.    Follow-On Subpoena Authorization

In pig-butchering cases like this one, the discovery process resembles peeling the layers of an onion. Internet service providers' subpoena responses frequently reveal information warranting additional subpoenas to other internet service providers. For example, a subpoena to Google concerning a Gmail address that the alleged scammers used to communicate with the

---

[7] *See, e.g., Harris v. Upwintrade*, 1:24-cv-00313-MJT, Dkt. 7 (E.D. Tex.) (Truncale, J.) (Aug. 8, 2024) (granting expedited discovery in functionally identical pig-butchering case); *Cohn v. Popescu*, 1:24-cv-00337-MJT, Dkt. 8 (E.D. Tex.) (Truncale, J.) (Aug. 30, 2024) (same); *Strivelli*, 2022 WL 1082638, at *2 (granting broad expedited discovery in functionally identical crypto-fraud case); *see also Licht*, 2023 WL 4504585, at *4 (same).

plaintiff will reveal a Microsoft email address used as the "recovery email" for that account. For that reason, Mr. DiPasquale seeks the Court's authorization to issue follow-on subpoenas seeking the same scope of information outlined above to additional internet-service providers and cryptocurrency exchanges determined to be in possession of relevant information.[8]

### V.    Conclusion

For the reasons set out above, Mr. DiPasquale has met the standards for issuance of an order authorizing expedited discovery. Mr. DiPasquale requests that the Court issue this relief in the form of the proposed order submitted with this Motion.

---

[8] *See Licht*, 2023 WL 4504585, at *4 (authorizing expedited discovery on "any party" likely to have information about the defendants).

Dated:  2026-05-06

Respectfully submitted,

CYBERJUSTICE LAW GROUP

Marshal J. Hoda, Esq.
Tx. Bar No. 24110009
3120 Southwest Fwy
Ste 101 PMB 51811
Houston, TX 77098
o. (832) 848-0036
marshal@cyberjusticelaw.com

*Attorney for Plaintiff*

- 8 -