UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| Christopher DiPasquale, | Case No. 1:26-cv-00130 |
| *Plaintiff,* | **Plaintiff's Emergency Motion for Alternative Service** |
| v. | |
| @JamesBullzs, *et al.,* | |
| *Defendants.* | |

Plaintiff Christopher DiPasquale hereby requests that the Court enter an order authorizing alternative service of process. In support, Mr. DiPasquale respectfully shows the Court as follows.

## I.    Preliminary Statement

Mr. DiPasquale filed this action to recover assets lost to a cryptocurrency-related fraud and conversion scheme operated by a sophisticated criminal syndicate. The Defendants stole assets worth approximately $417,306—a devastating loss. Sadly, Mr. DiPasquale is not alone. This is but one case among thousands arising from the ongoing crypto-fraud epidemic, to which hardworking Americans are losing billions every year.

- 1 -

As is typical in crypto-fraud cases, Mr. DiPasquale does not know the Defendants' true identities or their precise whereabouts. But, with the assistance of a professional blockchain investigator, stolen assets have been traced to accounts controlled by the Defendants at Bybit and Binance. This tracing is fundamental to the relief sought in this Motion. It is the foothold in the arduous climb toward recovery.

Mr. DiPasquale is the plaintiff in this action, seeking relief against one or more unknown defendants who operated a fraudulent scheme through the social media platform X (formerly known as Twitter) under the handle @JamesBullzs. The defendants falsely claimed to be technical support officers for TrustWallet and engaged with vulnerable users reporting issues during a widely publicized TrustWallet "zero-balance" display glitch on October 12, 2025.

The defendants directed Mr. DiPasquale, who was seeking help with the TrustWallet glitch, to an online form under the guise of legitimate technical support. There, he was deceived into disclosing his TrustWallet 12-word seed phrase. Immediately after Mr. DiPasquale provided this sensitive information, his cryptocurrency assets were transferred without his authorization to multiple addresses associated with the Bybit and Binance platforms. The total loss sustained by Mr. DiPasquale has been traced and amounts to approximately $417,306.

Mr. DiPasquale seeks leave to serve the defendants by alternative means, given their use of anonymous internet accounts and cryptocurrency exchanges to mask their identities and evade service.

## II.    Background

The facts giving rise to this action are set forth in detail in Plaintiff's Complaint, which is incorporated herein by reference.

## III.    Supporting Materials

Mr. DiPasquale submits the following materials in support of this Motion.

**Exhibit 1: Cole Declaration.** Evan Cole is Plaintiff's investigator in this case. Mr. Cole's declaration attests to information about the cryptocurrency-scam epidemic, cryptocurrency technology, and blockchain-tracing methodology. It also provides the blockchain-tracing report showing the locations to which the assets misappropriated from the victim were ultimately transferred.

## IV.    Alternative Service

### A.    Legal Standard

Federal Rule of Civil Procedure 4(f)(3) allows a district court to order that a foreign defendant be served by any method reasonably calculated to give notice of the proceedings, provided that the method is not prohibited by international agreement.[1] The Hague Convention on Service Abroad, to

---

[1] FED. R. CIV. P. 4(f)(3) (providing that a party "may be served at a place not within an judicial district of the United States … by other means not

which the United States is a signatory, applies for purposes of serving a foreign defendant in another country that has also ratified the convention.[2] But the Hague Convention does not apply where the defendant's address is unknown.[3] Accordingly, where a foreign defendant's address is unknown, as here, courts simply inquire whether the proposed service method is reasonably calculated to give notice of the proceedings such that it satisfies constitutional due-process requirements.[4]

Service by alternative means under Rule 4(f)(3) is "neither a last resort nor extraordinary relief."[5] Instead, "the rule serves as a safety valve for

---

prohibited by international agreement, as the court orders"); *Viahart, L.L.C. v. GangPeng*, No. 21-40166, 2022 WL 445161, at *3 (5th Cir. Feb. 14, 2022) (citing Rule 4(f)(3) and noting that "[s]ervice on a foreign defendant is [] proper when it is a court ordered method that is not prohibited by international agreement and is reasonably calculated, under the circumstances, to notify the defendant of the case and afford them an opportunity to present objections").

[2] *Densys Ltd. v. 3Shape Trios A/S*, 336 F.R.D. 126, 129 (W.D. Tex. 2020).

[3] *See Mycoskie, LLC v. 1688best*, No. 18-cv-60925, 2018 WL 4775643, at *1 (S.D. Fla. July 2, 2018) (Moore, J.) ("Article 1 of the Hague Service Convention states that '[t]his Convention shall not apply where the address of the person to be served with the document is not known.").

[4] *Id.*

[5] *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002) ("[E]xamining the language and structure of Rule 4(f) and the accompanying advisory committee notes, we are left with the inevitable conclusion that service of process under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief.' It is merely one means among several which enables service of process on an international defendant.").

unanticipated situations and is not an unusual procedural technique."[6] Rule 4 does not require a party to attempt service by the methods enumerated in subsections (f)(1) and (f)(2), such as by diplomatic channels and letters rogatory, before petitioning the court for alternative service under subsection 4(f)(3).[7] Nor does it "require exhaustion of all possible methods of service before a court may authorize service by 'other means'[.]"[8]

Courts have repeatedly authorized service by alternative means in pig-butchering cases under this rule. The methods courts have approved include email,[9] instant message via applications like WhatsApp and Telegram,[10]

---

[6] *Hazim v. Schiel & Denver Book Grp.*, No. 12-CV-1286, 2012 WL 12894747, at *1 (S.D. Tex. July 18, 2012) (quoting Wright & Miller, FEDERAL PRACTICE & PROCEDURE, § 1134 (3d ed. 2002)).

[7] *Viahart*, 2022 WL 445161, at *3 ("Service pursuant to the Hague Convention listed in subsection (f)(1), does not displace subsection (f)(3), which permits service by other means." (citing *Nagravision SA v. Gotech Int'l Tech. Ltd.*, 882 F.3d 494, 498 (5th Cir. 2018)).

[8] *Broan-Nutone LLC v. Conglom Hong Kong Ltd.*, No. 23-CV-393-JPS-JPS, 2023 WL 8784668, at *2 (E.D. Wis. Dec. 19, 2023) (quoting *AngioDynamics, Inc. v. Biolitec AG*, 780 F.3d 420, 429 (1st Cir. 2015)).

[9] *Harris v. Upwintrade.com*, No. 1:24-CV-00313, 2025 WL 1485335, at *2 (E.D. Tex. Jan. 14, 2025) (authorizing service by email).

[10] *Fitzgerald v. Defendant 1*, No. 1:24-CV-21925, 2024 WL 3538245, at *3 (S.D. Fla. June 28, 2024) (authorizing service via Telegram message in pig-butchering case); *Licht v. Ling*, No. 3:23-CV-1018, Dkt. 19 (N.D. Tex. June 8, 2023) (authorizing service via WhatsApp in pig-butchering case).

transfer of Non-Fungible Tokens (NFTs) to cryptocurrency addresses controlled by defendants,[11] and publishing case documents online.[12]

### B. The Requirements for Alternative Service Are Met.

A plaintiff's request for alternate service should be granted where three elements are met: (1) the defendants are located abroad, (2) the proposed service methods are not prohibited by international agreement, and (3) the proposed service methods are reasonably calculated to give the defendants actual notice of the proceedings. Each of these elements is met here.

#### 1. Element 1: Location Abroad.

Mr. DiPasquale has shown that the Defendants are located abroad as required for authorization of alternative means of service under Rule 4(f). The Cole Declaration provides evidence that the Defendants are pig-butchering scammers and that pig-butchering scams are invariably operated from

---

[11] *Yogaratnam v. Doe*, No. 2:24-cv-00393 Dkt. 9 (E.D. La. Feb. 23, 2024) (authorizing service by transfer of Non-Fungible Token and website posting in pig-butchering case); *Sun v. Defendant 1*, No. 23-CV-21855-RAR, 2023 WL 4532417, at *2 (S.D. Fla. July 13, 2023) (authorizing service NFT transfer and website posting in pig-butchering case); *Bowen v. Li*, No. 23-CV-20399, 2023 WL 2346292, at *3 (S.D. Fla. Mar. 3, 2023) (same); *Bandyopadhyay v. Defendant 1*, No. 22-CV-22907, 2022 WL 17176849, at *3 (S.D. Fla. Nov. 23, 2022) (same).

[12] *Id.*

abroad.[13] Courts have approved plaintiffs' requests for alternative service on similar evidence in many pig-butchering cases.[14]

> 2. *Element 2: Not Prohibited by International Agreement.*

The Defendants' physical addresses are unknown despite diligent investigation.[15] Accordingly, the Hague Service Convention does not apply.[16]

> 3. *Element 3: Reasonably Calculated to Give Actual Notice.*

Mr. DiPasquale requests authorization to serve the Defendants by the following methods:

| Target | Method | Explanation |
|---|---|---|
| @JamesBullzs | X (fka Twitter) | @JamesBullzs communicated with Mr. DiPasquale via X(fka Twitter). |

These are the same means of communication that the Defendants used to carry out their scam.[17] Courts routinely find that plaintiffs' proposed service methods are reasonably calculated to give actual notice where (i) the defendant does business online and (ii) the plaintiff has shown that the defendant uses the proposed service channels to conduct business relevant to

---

[13] Cole Declaration, ¶ 3.

[14] *See* fns. 52 – 55, *supra* (collecting cases).

[15] Cole Declaration, ¶ 6.

[16] *Mycoskie, LLC*, 2018 WL 4775643, at *1 ("Article 1 of the Hague Service Convention states that '[t]his Convention shall not apply where the address of the person to be served with the document is not known.").

[17] Cole Declaration, ¶ 11 (describing proposed service methods and providing explanation of each).

the suit.[18] Mr. DiPasquale's proposed service methods are therefore reasonably calculated to give the Defendants actual notice of these proceedings.

### V.    Conclusion

For the reasons set out above, Mr. DiPasquale has met the standards for issuance of an order authorizing alternative service of process. Mr. DiPasquale requests that the Court issue this relief in the form of the proposed order submitted with this Motion.

---

[18] *See, e.g.*, *Sinox Co. Ltd. v. YiFeng Mfg. Co.*, No. 6:21-CV-01022-ADA, 2022 WL 1017916, at *4 (W.D. Tex. Apr. 5, 2022) (noting that "courts have found due process satisfied where the defendant does business online and the plaintiff has shown that the foreign defendant uses the particular email address to conduct business relevant to the matters at issue in suit" and collecting cases in accord); *Licht*, No. 3:23-CV-1018, Dkt. 19, at p.2 (N.D. Tex. June 8, 2023) (authorizing service via WhatsApp in pig-butchering case where defendants used WhatsApp to communicate with plaintiff); *Fitzgerald*, No. 24-CV-21925, 2024 WL 3538245, at *3 (S.D. Fla. June 28, 2024) (authorizing service via Telegram message in pig-butchering case where defendants used Telegram to communicate with plaintiff).

- 9 -

Dated:  2026-05-06

Respectfully submitted,

CYBERJUSTICE LAW GROUP

Marshal J. Hoda, Esq.
Tx. Bar No. 24110009
3120 Southwest Fwy
Ste 101 PMB 51811
Houston, TX 77098
o. (832) 848-0036
marshal@cyberjusticelaw.com

*Attorney for Plaintiff*