**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

|  |  |
|---|---|
| Christopher DiPasquale, | |
| *Plaintiff*, | Case No. 1:26-cv-00130 |
| v. | |
| JamesBullzs, *et al.*, | **Plaintiff's Motion for Extension of Temporary Restraining Order** |
| *Defendants*. | |

Plaintiff Christopher DiPasquale hereby moves to extend the extant Temporary Restraining Order under Federal Rule of Civil Procedure 65(b)(2).

## I.    Background

At Plaintiff's request, the Court issued a Temporary Restraining Order on May 13, 2026 (the "TRO"). Dkt. 6. The TRO ordered the freezing of blockchain addresses holding assets traceable to Mr. DiPasquale. If not extended, the TRO will expire on May 27, 2026.

## II.    Legal Standard

Under FRCP 65(b)(2), a TRO may be extended by up to 14 days "for good cause." In crypto-related cases like this one, Courts have granted extensions of asset-freezing TROs to allow plaintiffs to continue working with exchanges on implementation and information gathering in preparation for a

motion for preliminary injunction, and to allow additional time to serve notice on interested parties in advance of plaintiffs' forthcoming motions for preliminary injunctions.[1]

### III.    Request for Extension

Plaintiff requests that the Court extend the TRO for 14 days to June 10, 2026. In the time since the Court granted the TRO and Motion for Alternate Service, the Twitter account through which Mr. DiPasquale intended to serve the Defendants has become inactive. The requested extension would allow Mr. DiPasquale to file a renewed motion for alternate service on the accountholder associated with the targeted blockchain addresses and provide notice of his forthcoming Motion for Preliminary Injunction, which will request that the freeze be extended through trial. Further, the additional time should be sufficient to allow Mr. DiPasquale to receive a response to his subpoena to Twitter, which may reveal additional means of communication with the Defendants (and thus additional avenues for provision of notice). Plaintiff respectfully submits that these considerations show good cause for extension of the TRO under FRCP 65, and

---

[1] *See, e.g., Licht v. Ling,* No. 23-cv-01018, *Order Granting 14-Day Extension of Temporary Restraining Order*, pp. 1—2 (N.D. Tex. May 24, 2023) (granting extension of asset-freeze TRO in crypto-fraud case where the alleged victim was "work[ing] diligently with the exchanges to (1) resolve issues related to service and (2) obtain discovery regarding the defendants so they can be given notice of the suit and the TRO"); *Astrove v. Doe*, Case No. 22-cv-80614, *Order Modifying and Extending Temporary Restraining Order*, *passim* (S.D. Fla. May 3, 2022) (same).

requests that the Court enter an extension in the form of the Proposed Order

submitted along with this Motion.

- 4 -

Dated:  May 22, 2026

Respectfully submitted,

THE HODA LAW FIRM, PLLC

Marshal J. Hoda, Esq.
Tx. Bar No. 2411009
3120 Southwest Fwy
Ste 101 PMB 51811
Houston, TX 77098
o. (832) 848-0036
marshal@thehodalawfirm.com

*Attorney for Plaintiff*