IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| CHRISTOPHER DIPASQUALE, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| VS. | § | |
| | § | CIVIL ACTION NO. 1:26-CV-00130 |
| JAMESBULLZS; the BYBIT OFF-RAMP | § | JUDGE MICHAEL J. TRUNCALE |
| DEFENDANT; the BINANCE OFF-RAMP | § | |
| DEFENDANT; and JOHN DOES 1 – 20, | § | |
| | § | |
| *Defendants*. | § | |

## ORDER GRANTING PRELIMINARY INJUNCTION

### I. BACKGROUND

Plaintiff Christopher DiPasquale lost over $417,000 in cryptocurrency assets in a scam allegedly perpetrated by the defendants. DiPasquale alleges that Defendant JamesBullzs posed as a technical support representative for online cryptocurrency exchange TrustWallet and convinced DiPasquale to divulge his account information. JamesBullzs allegedly used the information to pilfer the contents of DiPasquale's TrustWallet account and transfer them to accounts held by the ByBit Off-Ramp Defendant and the Binance Off-Ramp Defendant.

After discovering the fraud, DiPasquale this action and promptly moved for an *ex parte* temporary restraining order (the TRO) freezing the accounts held by the ByBit Off-Ramp Defendant and the Binance Off-Ramp Defendant. [Dkts. 1, 3]. In support of his motion for a TRO, DiPasquale submitted a report from Evan Cole, a forensic investigator specializing in cryptocurrency and blockchain tracing. [Dkt. 3-1]. Cole's report traced $328,200 of DiPasquale's stolen assets to the ByBit Off-Ramp Defendant and Binance Off-Ramp Defendant's blockchain addresses. *Id.* However, the remaining funds could not be traced. *See id.* The Court granted the TRO, holding that DiPasquale had made a prima facie case for relief on his claims and would suffer irreparable injury absent a TRO. [Dkt. 9]. On June 9, 2026, the Court held an evidentiary hearing on to determine whether to convert the TRO

1

into a preliminary injunction. [Dkt. 13].

## II. ANALYSIS

To obtain a temporary restraining order, a movant must show (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable harm if the injunction does not issue, (3) that the threatened injury outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction is in the public interest. *Moore v. Brown*, 868 F.3d 398, 402–03 (5th Cir. 2017) (per curiam) (citing *Byrum v. Landreth*, 566 F.3d 442, 445 (5th Cir. 2009)).

DiPasquale meets all four substantive requirements. On the merits, DiPasquale makes claims against the Defendants for violation of the Racketeering Influenced and Corrupt Organizations Act ("RICO"), fraud, fraudulent inducement, and conversion. [Dkt. 1 at ¶ 10]. DiPasquale has alleged and provided evidence that the Defendants deceived DiPasquale and misappropriated his assets in what appears to have been an intentional scam. *See* [Dkt. 3 at ¶¶ 27–29, 45–49; Dkt. 3-1]. DiPasquale's allegations bear all the telltale characteristics of a cryptocurrency scam, suggesting that DiPasquale will indeed be able to prevail on its claims once a full evidentiary record is developed. *See* [Dkt. 3 at ¶¶ 27–29, 45–49; Dkt. 3-1].[1]

DiPasquale has also demonstrated a substantial likelihood that he will suffer irreparable harm without the relief he seeks, for the same reasons outlined above. The instantaneous and opaque nature of cryptocurrency transactions, combined with the Defendants' cagey behavior, makes it unlikely that DiPasquale will recover his lost assets unless the Defendants are precluded from withdrawing or transferring the contents of their accounts. Accordingly, the Court finds that DiPasquale's request to

---

[1] The Court also notes that DiPasquale seeks an asset freeze in the form of a constructive trust over specific, traceable stolen assets. [Dkt. 2 at 12]. This type of relief is common in cryptocurrency-fraud cases. *See, e.g.*, *Yogaratnam v. Dubois*, No. CV 24-393, 2024 WL 758387, at *3 (E.D. La. Feb. 23, 2024) (issuing asset-freeze TRO in crypto-fraud case, noting that *"*numerous district courts . . . have issued a TRO in this exact circumstance to freeze a cryptocurrency asset," and collecting cases); *Jacobo*, 2022 WL 2052637, at *3 (issuing asset-freezing TRO where plaintiff sought constructive trust over allegedly stolen assets); *Gaponyuk*, 2023 WL 4670043, at *2 (same).

freeze the Defendants' accounts is justified by a substantial threat of irreparable harm. *See Jacobo*, 2022 WL 2052637, at *3.

Next, the Court finds that the threatened injury to DiPasquale outweighs any harm the Defendants may suffer by virtue of having their accounts frozen. Again, maintaining the assets at the destination accounts is perhaps DiPasquale's only realistic chance to obtain recovery in this case. At worst, the Defendants will be temporary unable to move assets until the injunction is lifted. *See Jacobo*, 2022 WL 2052637, at *6 (finding "[a] delay in defendant's ability to transfer the [allegedly stolen] assets only minimally prejudices defendant, whereas withholding injunctive relief would severely prejudice plaintiff by providing defendant time to transfer the allegedly purloined assets into other accounts beyond the reach of this court").

Finally, the Court finds that DiPasquale's requested injunction serves the public interest. DiPasquale's case is merely a drop in a vast ocean of similar scams. *See* [Dkt. 1 at ¶ 1]. A freezing order will serve the public interest here both by deterring would-be fraudsters and by "providing assurance to the public that courts will take action to promote . . . recovery of stolen assets when they can be readily located and traced to specific locations." *Jacobo*, 2022 WL 2052637, at *6; *see also, e.g.*, *Gaponyuk*, 2023 WL 4670043, at *3 (finding that asset freeze would "serve the public's interest in stopping, investigating, and remedying frauds").

### III. PRELIMINARY INJUNCTION

DiPasquale has submitted evidence tracing the assets he alleges were stolen from his account to the Receiving Addresses, which are the deposit addresses identified by the following markers:

| Exchange | Address |
|---|---|
| Binance | 0x4c826ee59fb3d3307dde0bef45aec2886603813e |
| Binance | 1AVDTMEFsKRULM3mjxEHM3idU9dJuYGHhG |

3

The Court hereby **ORDERS** that Defendants and their agents, servants, employees, attorneys, partners, successors, assigns, and all other persons or entities through which they act or who act in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division or other device, or any of them, are hereby restrained from withdrawing, transferring, or encumbering any assets currently held by, for, or on behalf of the persons controlling the accounts associated with the above-listed Receiving Addresses, or any business entity through which they act or which acts in active concert or participation with them; including but not limited to those assets currently held at or for the Receiving Addresses.

The Court further **ORDERS** that Plaintiff shall serve a copy of this Order on the above-listed entities in a manner compliant with Rule 4 or as the Court may further direct. Upon receiving a copy of this Order, these entities shall be restrained and enjoined from disturbing assets, directly or indirectly, to or on behalf of Defendants or any entities under Defendants' control. Additionally, the Court **ORDERS** that no movement, alteration, or destruction of books, records, and accounts related to the above-listed blockchain addresses shall occur.

The Court further **ORDERS** that this preliminary injunction shall continue until trial or further order of the Court.

The Court further **ORDERS** that a status conference regarding this matter shall be set for on or around six months from the date of this order.

**SIGNED this 10th day of June, 2026.**

_Michael J. Truncale_
Michael J. Truncale
United States District Judge

4